UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RONALD EVANS, | ) |
| | ) |
| v. | ) Criminal No. 02-36-B-S |
| | ) |
| | ) Civil No. 06-120-B-S |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Ronald Evans has filed a 28 U.S.C. § 2255 motion alleging that he received ineffective assistance from the attorney representing him when he pled guilty to an indictment that charged him with possession of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). Evans claims that his attorney did not conduct adequate investigation of a lab report that attributed 6.4 grams of cocaine base to him. Evans believes that the State's certified chemist included the weight of the 17 plastic bag corners holding the base when she did the weight calculation and he speculates that each corner weighed .1 grams which, if totaled, would reduce the weight attributable to Evans by 1.7 grams to 4.7 grams, subjecting him to a lower sentencing range. The United States has filed a motion to summarily dismiss (Docket No. 9). For the following reason, I recommend that the Court deny Evans's request for 28 U.S.C. § 2255 relief.

*Discussion*

Evans is entitled to 28 U.S.C. § 2255 relief only if his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" 28 U.S.C. § 2255 ¶ 1. With respect to this Court's review of Evans's § 2255 claims, summary dismissal is appropriate if his motion: "'(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" United States v. DiCarlo, 575 F.2d 952, 954 (1978)(quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir.1974)). "Thus, the petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact." Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (citing Moran, 494 F.2d at 1222).

    The First Circuit has explained:

> The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." It is well settled that this right to effective assistance of counsel attaches at all critical stages of the trial, United States v. Wade, 388 U.S. 218 (1967), including at sentencing. Gardner v. Florida, 430 U.S. 349, 358 (1977) (holding that "sentencing is a critical stage of the criminal proceeding at which [defendant] is entitled to the effective assistance of counsel").
> 
> The touchstone for any ineffective assistance of counsel claim is the two-part test laid down by the Supreme Court in Strickland v. Washington, 466 U.S. 668(1984).
>> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
> 
> Id. at 687. In other words, defendant "must show that counsel's performance was so deficient that it prejudiced his defense." United States v. Ademaj, 170 F.3d 58, 64 (1st Cir.1999) (summarizing Strickland ). As

> the Strickland Court explained, "[u]nless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.
>
> In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court applied Strickland 's two-part test to ineffective assistance of counsel claims in the guilty plea context. Id. at 58 ("We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the Hill Court explained, "[i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 58-59.

United States v. Colon-Torres, 382 F.3d 76, 85 -86 (1st Cir. 2004)

Evans attaches as Exhibit 1 to his 28 U.S.C. § 2255 motion a copy of the certified lab result which lists "6.4 YELLOW GRAMS OF YELLOW POWDER IN 17 BAG CORNERS" as the items submitted for drug analysis and, "POWDER CONTAINS COCAINE FREE BASE.  ONE BAG CORNER WAS CHOSEN AT RANDOM FOR ANALYSIS."   It also describes the method of analysis in a series of capital letters.

This is Evans's sole evidentiary support in support of his claim that counsel failed to perform adequate investigation into drug quantity prior to counseling his client to plead guilty. In his "Statement of Fact" Evans states:

> There were 17 baggies containing cocaine base, assuming arguendo, that each plastic container had to weigh at least 0.1 grams each, when that figure is multiplied by 17 the results is 1.7 grams.  The difference between the 1.7 grams (containers) and the 6.4 grams (containers & cocaine base leaves us with a weigh[t] of 4.7 grams (cocaine base).  The 4.7 grams is the only permissible weigh[t] that can be used to rely on drug quantity determinations.

(Statement of Fact at 3) (emphasis added).[1]

---

[1]   The United States' first assault on Evans's claim is that while Evans's form 28 U.S.C. § 2255 is sworn, his memorandum that explains his theory of an alternative drug weight is not sworn.  In my view the

The burden is on Evans to demonstrate that he is entitled to an evidentiary hearing and that his motion should not be summarily dismissed. <u>United States v. McGill</u>, 11 F.3d 223, 225 (1st Cir. 1993); <u>Barrett</u>, 965 F.2d at 1186; <u>DiCarlo</u>, 575 F.2d at 954.  "To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." <u>David v. United States</u>, 134 F.3d 470, 478 (1st Cir. 1998).  As the United States points out, the chemist who performed the analysis was certified by the State of Maine's Department of Human Services pursuant to 17-A M.R.S.A. § 1112 and Evans has not provided any basis for even suspecting that she would not have determined the drug weight independently of the packaging.  Furthermore, Evans conceded to this court at the Rule 11 hearing that the facts as recited in the Prosecution Version, which recited the drug quantities in the drug analysis report, were true. (Plea Tr. at 10.)  At sentencing, Evans again assured this Court that there was nothing in the Pre-sentence Investigation Report, which attributed the same drug quantity to Evans, which was not true. (Sentencing Tr. at 16.)  With regards to counsel's advice to Evans to plead guilty to the drug quantities set forth in the drug analysis report, there is also the significant agreement on the part of the United States to recommend a three-level reduction for acceptance of responsibility, a difference between a range of 262 to 327 months with the reduction and 360 months to life without it.  Finally, Evans has not even suggested that -- <u>prior</u> to pleading guilty or his sentencing -- he had any reason to doubt the quantity of drugs attributed to him, let alone that he, a person with expertise in the drug trade, gave counsel

---

proper recourse when a 28 U.S.C. § 2255 pleading contains factual assertions that should be sworn is to order the movant to amend his motion to comply with the oath requirement.  In Evans's case the exercise would be futile as Evans's arguments concerning the role the plastic bags played in the weight analysis is entirely speculative and are not asseverations that Evans could confer evidentiary weight to by swearing to their veracity.

even an inkling that there was an smidgen of a reason for challenging what is a facially valid certified report.  I also note that Evans did not raise this issue while on appeal to the First Circuit, suggesting that his reason for attacking the drug quantity never dawned on him until well after the decision to plead guilty and his sentencing.

It is my opinion that Evans has fallen far short of his 28 U.S.C. § 2255 movant burden in supporting his claim that counsel has performed deficiently when measured by the Strickland and Hill standards.

## *Conclusion*

I recommend that the Court summarily dismiss Evans's 28 U.S.C. § 2255 motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 5, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge